**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Beat Kitchen on the Riverwalk, LLC,

                      Plaintiff,

                v.

City of Chicago, Michelle Woods, Nancy Villafranca, Lotika Pai, Andrew Forbes, Jennifer Kelly, Jamie Viramontes and Haire's Gulf Shrimp Incorporated,

                      Defendants.

Case No. 25-cv-15081

Honorable Judge Durkin

**Defendant Haire's Gulf Shrimp's**
**Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint**

Defendant, Haire's Gulf Shrimp Incorporated ("Haires"), by and through undersigned counsel, states as follows for its Memorandum in Support of its Motion to Dismiss Plaintiff Beat Kitchen on the Riverwalk, LLC's ("Beat Kitchen") Complaint Pursuant to Federal Rules 12(b)(1) and 12(b)(6):

**Introduction**

Having already lost in the Circuit Court of Cook County, Beat Kitchen now seeks a second bite at the apple this time dragging Haire's into federal court. Beat Kitchen does not sue Haire's because it did anything wrong. The Complaint concedes as much. Beat Kitchen sues Haire's because City of Chicago (the "City") awarded Haire's a concession contract nearly two years ago and Beat Kitchen is still aggrieved. But grievance is not grounds for federal jurisdiction. Beat Kitchen's Complaint is entirely backward-looking as it challenges a completed procurement, seeks to unwind a signed contract, and demands relief for injuries that allegedly occurred in 2024 and 2025. What it does not allege is a real and immediate threat of future harm

1

from Haire's or the City. That omission is fatal. Equitable relief requires a prospective injury, not a retrospective grievance. Beat Kitchen cannot satisfy this threshold requirement, and this Court lacks subject matter jurisdiction over any claim for equitable relief. Moreover, Beat Kitchen's claims for equitable relief are also fatally flawed as they do not allege that the inadequacy of monetary damages or irreparable injury.

**Factual Background**

For over 20 years, Haire's has operated as a food service vendor in Chicago, building its reputation at events like the Taste of Chicago through its commitment to quality and sustainability. Compl., Exhibit D, Dkt 1. On March 8, 2024, the City through its Department of Fleet and Facility Management (2FM), issued a Request for Proposal (RFP Specification No. 1293783) to operate concessions on the Chicago Riverwalk. *Id.* at ¶ 50. The RFP sought qualified concessionaires for two distinct locations: (1) Location 1, a retail/cultural space at 65 East Riverwalk South in the Chicago Riverwalk Community Marketplace; and (2) Location 2, a full food and beverage operation at 91-95 East Riverwalk South, adjacent to the DuSable Bridge on Michigan Avenue. *Id.* at ¶ 51. The RFP established an April 15, 2024 deadline and outlined detailed evaluation criteria. The City formed an Evaluation Committee composed of City officials to score proposals and select awardees. *Id.* at ¶¶ 58-59.

Haire's submitted a timely proposal for Location 1 by the April 15, 2024 deadline. *Id.* The City's Evaluation Committee, not Haire's, then invited Haire's to submit a proposal for Location 2. *Id.* at ¶ 69. The City awarded Haire's a concession license for Location 2 in June 2025. *Id.* at ¶ 83.

Beat Kitchen concedes "Haire's is named only so that injunctive and/or declaratory relief will bind all interested parties." *Id.* at ¶ 17. Although Beat Kitchen does not allege that Haire's

2

engaged in any wrongdoing and does not seek any damages against Haire's, it has brought the following claims against all Defendants: Violation of the Equal Protection Clause 42 U.S.C § 1983 (Count I), Violation of 42 USC 42 U.S.C § 1983 (Count II), Violation of Procedural Due Process 42 U.S.C § 1983 (Count III), Violation of the Illinois Constitution-Equal Protection (Count VII), Unlawfulness of Process and Award-Declaratory Judgment (Count VIII) and Mandamus and Injunctive Relief-Failure to Follow Procurement Requirements (Count IX). Moreover, Beat Kitchen seeks extraordinary declaratory and injunctive relief including an order vacating the 2024 Riverwalk concession award to Haire's. Compl., pg. 42, Dkt. 1.

## Argument

### I.     12(b)(1) Motion to Dismiss

Haire's moves to dismiss all claims for equitable relief under Rule 12(b)(1) based on lack of subject matter jurisdiction. In a facial attack under Rule 12(b)(1), the court examines whether the plaintiff has sufficiently alleged a basis for jurisdiction, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Even under this plaintiff-friendly standard, Beat Kitchen has not established subject matter jurisdiction for equitable relief.

1. Article III Requires Standing for Each Form of Relief Sought

The Supreme Court has repeatedly held that standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Because federal courts may only adjudicate actual cases and controversies, a plaintiff who lacks standing has failed to present a justiciable case, and the court lacks subject matter jurisdiction to hear it.

3

Article III standing must be established for each claim and each form of relief sought. *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017). Standing for damages does not confer standing for injunctive relief and vice versa. *City of Los Angeles v. Lyons* , 461 U.S. 95, 109 (1983). The plaintiff must independently establish injury, causation, and redressability for each remedy requested.

2.  There is no "Real and Immediate Threat"

To have standing to seek injunctive relief, a plaintiff must demonstrate not merely past injury, but a "real and immediate threat" of future harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). "Past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *Id.* at 103. This requirement ensures that federal courts do not issue advisory opinions or regulate conduct that has ceased and is unlikely to recur.

Here, Beat Kitchen's Complaint is fundamentally backward-looking. It challenges a single, completed procurement process, the 2024 Riverwalk RFP, that has concluded with the award of contracts. Compl., ¶ 19, Dkt. 1. Beat Kitchen does not allege that the City intends to conduct future procurements using the same allegedly discriminatory practices nor does it allege that it will participate in future City procurements where it faces a real and immediate threat of the same alleged misconduct. Beat Kitchen also does not allege any pattern or practice of discrimination that would suggest a likelihood of recurrence in future dealings between it and the City.

The absence of any forward-looking allegations is fatal to Beat Kitchen's claims for injunctive relief. The Supreme Court has repeatedly held that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v.*

4

*Littleton*, 414 U.S. 488, 495-96 (1974). In *City of Los Angeles v. Lyons*, the Supreme Court held that a plaintiff who had been subjected to an unconstitutional chokehold by Los Angeles police officers lacked standing to seek an injunction against the practice because he could not demonstrate a sufficient likelihood that he would again be stopped and subjected to a chokehold. 461 U.S. at 105-06. Similarly here, Beat Kitchen's allegations of past procurement irregularities, without more, cannot support prospective equitable relief.

*WBY v. City of Chamblee* is instructive here. In *City of Chamblee*, the city banned nudity and alcohol in adult establishments and required they close by midnight. *Id.* at 1249. The plaintiff then closed their establishment and filed a claim for injunctive relief based on several alleged constitutional violations. *Id.* at 1255-1256. The court ruled that the plaintiff lacked standing to bring claims for injunctive relief as it already closed its establishment. *Id.* at 1259. In its ruling, the court rejected plaintiff's argument that it could open an establishment at another location as too speculative. *Id.*

To the extent Beat Kitchen seeks to vacate the existing contract award, that relief is more properly characterized as retrospective—it seeks to undo a completed governmental action rather than prevent future harm. Beat Kitchen's failure to allege any threat of future discriminatory conduct by the City undermines its standing to seek equitable relief against any defendant, including the City itself. This standing deficiency further underscores why Haire's—a private party that played no role in the allegedly wrongful conduct and poses no threat of future harm to Beat Kitchen should be dismissed from this action.

3. 28 U.S.C Does not Confer Standing

The Complaint asserts that "[t]his Court has jurisdiction over Beat Kitchen's claims for declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202" because "[a]n actual, justiciable

controversy exists over the legality of Defendants' procurement practices, the validity of the concession award, and the resulting deprivation of Beat Kitchen's federal and state rights." Compl. ¶ 19, Dkt. 1. However, the Declaratory Judgment Act does not create subject matter jurisdiction, it merely provides a remedy where jurisdiction otherwise exists. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 15-16 (1983).

The "actual controversy" requirement of § 2201 must be satisfied as to each defendant to confer standing. *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The critical inquiry here is whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* In *Ashcroft v. Mattis*, the Supreme Court held that declaratory relief was unavailable where the challenged conduct had ceased and there was no reasonable expectation it would recur. 431 U.S. 171, 172-73 (1977).

In *Green v. Mansour*, 474 U.S. 64 (1985), the Supreme Court held that declaratory relief is inappropriate when it "would have much the same effect as a full-fledged award of damages" for past conduct, serving as a "partial 'end run'" around limitations on retrospective relief. *Id.* at 73. The Court emphasized that "[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient" to justify declaratory relief absent an ongoing violation. *Id.* at 68.

Similarly, in *Hewitt v. Helms*, 482 U.S. 755 (1987), the Court held that declaratory relief is proper only when it will "affect the behavior of the defendant toward the plaintiff." *Id.* at 761. Where the challenged conduct has concluded and there is no ongoing violation, a declaratory

6

judgment "would be useful in commencing a damages action," but that utility "does not give respondent, who has not alleged any continuing constitutional violation, a personal stake in the outcome sufficient to satisfy Article III." *Id.* at 762.

The Seventh Circuit has applied these principles consistently. In *Kress v. CCA of Tennessee, LLC*, 694 F.3d 890 (7th Cir. 2012), the court held that "under § 1983, declaratory or injunctive relief is only proper if there is a continuing violation of federal law." *Id.* at 894 (citing *Green*, 474 U.S. at 73). "When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers." *Id.* (quoting *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991)). The same principle applies to declaratory relief. *See Robinson v. City of Chicago*, 868 F.2d 959, 966-67 (7th Cir. 1989) (holding that the *Lyons* standing requirements apply equally to declaratory and injunctive relief). Here, the procurement is complete and Beat Kitchen has alleged no continuing violation against it. As a result, the Court lacks jurisdiction to issue what would amount to an advisory opinion.

## II.      12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Conclusory allegations without factual support are insufficient.

Despite that fact that Beat Kitchen does not allege that Haire's engaged in any wrongdoing, it  has brought the following claims against all Defendants: Violation of the Equal Protection Clause 42 U.S.C § 1983 (Count I), Violation of 42 USC 42 U.S.C § 1983 (Count II), Violation of Procedural Due Process 42 U.S.C § 1983 (Count III), Violation of the Illinois Constitution-Equal Protection (Count VII), Unlawfulness of Process and Award-Declaratory

Judgment (Count VIII) and Mandamus and Injunctive Relief-Failure to Follow Procurement Requirements (Count IX). [1]

    1.  Haire's is not a State Actor

Beat Kitchen's claims are not applicable against Haire's as it is not a government actor. Section 1983 provides a cause of action for deprivation of federal constitutional or statutory rights committed by a person acting "under color of state law." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

The "under color of state law" requirement is essential and jurisdictional—"[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Private parties are generally not subject to liability under Section 1983 unless they act jointly with state actors or perform a traditional public function. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Complaint does not allege that Haire's conspired with the City or any City official.

Similarly, Beat Kitchen's claim for violation of the Equal Protection Clause of the Illinois Constitution is inapplicable against Haire's. The Illinois Constitution's equal protection provision, like its federal counterpart, prohibits discrimination by the state, not by private parties. See Ill. Const. art. I, § 2 ("No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws.").Illinois courts interpret the state equal protection clause consistently with federal equal protection doctrine. *People v. Carpenter*,

---

[1] Beat Kitchen's Complaint states these counts are directed against "all Defendants" despite stating that "Haire's is only named so that injunctive and/or declaratory relief will bind all interested parties." Complaint, ¶ 17. To the extent that these counts are directed at Haire's, Haire's moves to dismiss pursuant to Rule 12(b)(6).

228 Ill. 2d 250, 264 (2008). The state action requirement applies with equal force under the Illinois Constitution. See *Grimes v. Cavender Oldsmobile*, Inc., 99 Ill. App. 3d 921, 925 (1st Dist. 1981) (noting that equal protection clause of Illinois Constitution prohibits discriminatory state action). For the reasons stated above, Haire's is not a state actor subject to equal protection liability.

Moreover, mandamus is an extraordinary remedy that compels a government official or entity to perform a ministerial duty required by law. See Heckler v. Roe, 467 U.S. 927, 954 (1984). It does not lie against private parties. *13th Regional Corp. v. U.S. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980). Haire's is a private business, not a government official or entity. The Complaint does not allege that Haire's has any ministerial duty to Beat Kitchen or to the public. Mandamus relief is not available against Haire's as a matter of law.

2. Beat Kitchen is not Entitled to Injunctive Relief.

To state a claim for injunctive relief, a complaint must allege facts that support the following: (1) no adequate legal remedy exits, (2) the moving party will suffer irreparable harm without injunctive relief, (3) irreparable harm suffered absent injunctive relief outweighs the irreparable harm the respondent will suffer if the injunction is granted, (4) the moving party has a reasonable likelihood of prevailing on the merits and (5) injunctive relief will not harm the public interest. *United States ex rel. Walner v. Northshore University Healthsystem*, 660 F. Supp. 2d 891, 899 (N.D. Ill. 2009). Claims for injunctive relief may be dismissed when the complaint fails to allege facts demonstrating the inadequacy of legal remedies. *Id.*

Beat Kitchen's Complaint is devoid of any support for the required allegations, which alone is fatal to its claims for injunctive relief. However, its own Complaint illustrates that it has an adequate legal remedy and that it will not suffer irreparable harm if an injunction is not

granted. In fact, Beat Kitchen admits that its license had already expired when it applied for a new one in 2024. Compl. ¶ 77. It then waited approximately one and a half years until filing this lawsuit. Beat Kitchen cannot now argue that it will suffer irreparable harm without a license that it has not possessed in approximately two years.

Additionally, the allegations of the Complaint make clear that Beat Kitchen's injuries are fundamentally economic in nature and fully compensable through the monetary damages Beat Kitchen already seeks. First, Beat Kitchen alleges it "lost a multi-year Riverwalk concession with projected revenue exceeding seven figures." Compl. ¶ 100. Lost revenue is a classic form of economic harm that money damages are specifically designed to remedy.

Second, Beat Kitchen claims it suffered "economic losses, including loss of concession revenues and profits, as well as loss of business opportunities, goodwill, reputational harm, and other damages." Compl. ¶ 109. Each of these categories is compensable through an award of monetary damages. Indeed, Beat Kitchen explicitly requests "compensatory damages against all non-nominal Defendants for economic losses, including lost profits, lost business value, and lost commercial opportunities." Compl., Request for Relief ¶ C.1.

Third, Beat Kitchen seeks "compensatory damages for reputational harm, competitive disadvantage, and loss of goodwill." Compl., Request for Relief ¶ C.2. Such damages for reputational harm and lost goodwill are quintessentially legal remedies. See *Kljajic v. Whirlpool Corp.*, No. 16-CV-1394, 2017 U.S. Dist. LEXIS 70784, at *19-20 (N.D. Ill. May 9, 2017) (holding that plaintiffs could not demonstrate monetary damages were inadequate where "monetary relief would be adequate, as it would compensate Plaintiffs" for their economic injuries); *Wilson v. Wilson*, 217 Ill. App. 3d 844, 856 (1st Dist. 1991).

10

Because Beat Kitchen's injuries are entirely economic and fully compensable through the money damages it seeks, it cannot demonstrate the inadequacy of legal remedies required to maintain claims for equitable relief.

### Conclusion

For the foregoing reasons, Defendant Haire's Gulf Shrimp Incorporated respectfully requests that the Court enter an order:

1. Dismissing all claims against Haire's with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted;

2. Alternatively, if the Court determines that Haire's is a necessary party for purposes of complete relief, dismissing all substantive claims against Haire's while permitting Haire's to remain as a nominal party solely for purposes of being bound by any injunctive or declaratory relief;

3. Awarding Haire's its reasonable attorneys' fees and costs incurred in defending this action; and

4. Granting such other and further relief as the Court deems just and proper.

Dated: March 16, 2026

Respectfully submitted,

/s/Rebecca Drizner
Michael Haeberle (6309164)
Rebecca Drizner (6332971)
Patterson Law Firm, LLC
200 W. Monroe St., Suite 2025
Chicago, Illinois 60606
Tel. 312-223-1699
mhaeberle@pattersonlawfirm.com
rdrizner@pattersonawfirm.com
*Attorneys for Defendant Haire's Gulf Shrimp*

11