**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BEAT KITCHEN ON THE RIVERWALK, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 25-cv-15081 |
| CITY OF CHICAGO, MICHELLE WOODS, LOTIKA PAI, ANDREW FORBES; JENNIFER KELLY, NANCY VILLAFRANCA, JAIME VIRAMONTES, and HAIRE'S GULF SHRIMP INCORPORATED, | ) ) ) ) ) ) ) | Hon. Thomas M. Durkin |
| Defendants. | ) ) | |

**CITY DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS THE COMPLAINT**

Defendants City of Chicago, Andrew Forbes, Jennifer Kelly, Lotika Pai, Nancy Villafranca, Jaime Viramontes, and Michelle Woods (collectively, "City Defendants") respectfully move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all counts for failure to state a claim upon which relief can be granted. In support of their Motion, the City Defendants incorporate their accompanying Memorandum in Support and state as follows:

1.      On December 11, 2025, Plaintiff Beat Kitchen on the Riverwalk filed this action against the City of Chicago; current City employees Andrew Forbes, Lotika Pai, Jennifer Kelly, and Jaime Viramones; former City employees Michelle Woods and Nancy Villafranca; and Haire's Gulf Shrimp Incorporated. Dkt. 1.

2.      The Complaint concerns the City's issuance of a concession license to Defendant Haire's Gulf Shrimp to operate a restaurant on the Riverwalk in Chicago. Plaintiff believes that it should have received the license.

3.      The six individuals named as defendants allegedly were members of an evaluation committee that reviewed concession license proposals and recommended that Haire's, not Plaintiff, be awarded the license.

4.      The Complaint contains ten numbered counts alleging violations of the U.S. Constitution, the Illinois Constitution, federal and state statutes, and state common law. The asserted claims are based on Plaintiff's theory that the City discriminated against it on the basis of race in awarding Haire's, a Black-owned restaurant, the license.

5.      Specifically, Plaintiff alleges a violation of the federal Equal Protection Clause (Count I), section 1981 (Count II), and the federal Due Process Clause (Count III), against the City Defendants. In Count IV, Plaintiff alleges municipal liability against the City under *Monell*. Count V alleges a violation of Title VI premised on the City's receipt of federal funding for the Riverwalk. Count VI alleges a violation of the Illinois Civil Rights Act, 740 ILCS 23/5, and Count VII alleges a violation of the Illinois Constitution's Equal Protection Clause. Plaintiff's remaining counts seek various forms of relief: declaratory judgment (Count VIII); mandamus and injunctive relief (Count IX); and a writ of certiorari (Count X).

6.      Counts I, II, III, and IV fail against the City because the Plaintiff does not plead a basis for municipal liability because Plaintiff does not plausibly allege that an express policy, widespread practice, or decision by a final policymaker was the moving force behind its alleged injuries.

7.      Counts I and II fail against the six individual City Defendants because Plaintiff does not plausibly allege discriminatory treatment or that they had the requisite intent to state a claim for racial discrimination under both the Equal Protection Clause and Section 1981. Further, both claims fail for the additional reason that its Complaint gives rise to the alternative

2

explanation that the committee recommended Haire's because Plaintiff, who previously held a concession license and operated a restaurant on the Riverwalk, had been a poor steward of the property and had been the subject of complaints by neighbors. This alternative explanation renders Plaintiff's racial discrimination theory implausible.

8.     Plaintiff's due process claim in Count III fails against all City Defendants because Plaintiff does not allege the deprivation of a protected interest and because Plaintiff does not identify any procedures that were violated.

9.     Counts I, II, and III against the individual City Defendants fail for the alternative reason that they are entitled to qualified immunity.

10.     Count V, which alleges a violation of Title VI, fails for the same reasons as Counts I and II. It also fails for the independent reason that as a municipality, the City of Chicago is not within the scope of Title VI's coverage.

11.     Plaintiff's race discrimination claims in Counts VI and VII fail for the same reasons that Count I fails. Count VII also fails for the additional reason that there is no private right of action for an alleged violation of the Illinois Equal Protection Clause.

12.     Count X, Plaintiff's demand for review via a common law writ of certiorari, fails because the City's license decision is discretionary and because the City official who awarded the license is not a body whose decision can be the subject of a writ of certiorari. Count X fails for the additional reason that it is time-barred.

13.     Plaintiff's demands for declaratory relief in Count VIII, and injunctive relief in Count IX, fail because Plaintiff's substantive claims all fail as a matter of law.

14. Plaintiff's demand for mandamus relief in Count IX fails because Plaintiff does not have a clear right to any relief and because the City does not owe Plaintiff a non-discretionary duty.

15. Under the agreed briefing schedule previously entered by the Court, Plaintiff's response to the City Defendants' Motion to Dismiss is due by April 13, 2026, and the City Defendants' reply is due by May 1, 2026. Dkt. 45.

WHEREFORE, for the reasons above and in the accompanying Memorandum in Support, Plaintiff's claims against the City Defendants fail as a matter of law and should be dismissed under Rule 12(b)(6).


Date:   March 20, 2026

WHITNEY G. WOODWARD
whitney.woodward@cityofchicago.org
AUSTIN M. CARSH
austin.carsh@cityofchicago.org
BRANDON A. SPLITTER
brandon.splitter@cityofchicago.org
City of Chicago, Department of Law
Constitutional and Commercial
 Litigation Division
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
(312) 742-0260 / 742-0797 / 744-7864

*Attorneys for the City of Chicago, Andrew
Forbes, Jennifer Kelly, Lotika Pai, Nancy
Villafranca, Jaime Viramontes, and Michelle
Woods*

Respectfully submitted,

MARY B. RICHARDSON-LOWRY,
Corporation Counsel for
the City of Chicago

By:   /s/ *Whitney G. Woodward*
        Whitney G. Woodward
        Senior Counsel
        City of Chicago Department of Law

4