**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BEAT KITCHEN ON THE RIVERWALK, LLC, | Case Number: 1:25-cv-15081 |
| Plaintiff, | Judge: Hon. Thomas M. Durkin |
| CITY OF CHICAGO; MICHELLE WOODS, NANCY VILLAFRANCA, LOTIKA PAI, ANDREW FORBES, JENNIFER KELLY, JAIME VIRAMONTES; and HAIRE'S GULF SHRIMP INCORPORATED, | Magistrate Judge: Daniel P. McLaughlin |
| Defendants. | |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Entry entered on March 16, 2026 (Dkt. #42), Plaintiff, Beat Kitchen on the Riverwalk, LLC ("Beat Kitchen"), and Defendants, the City of Chicago, Michelle Woods, Nancy Villafranca, Lotika Pai, Andrew Forbes, Jennifer Kelly, Jaime Viramontes (collectively, "City Defendants"), and Haire's Gulf Shrimp Incorporated ("Haire's"), submit the following Joint Status Report consistent with the Court's New Case Status Report Format:

**(1)** **The Nature of the Case**

**a.** **Identify the attorneys of record for each party, including lead trial attorneys**:

| Plaintiff Beat Kitchen: | City Defendants: | Haire's: |
|---|---|---|
| Jonathan D. Leach | *Whitney G. Woodward* | *Michael Haeberle* |
| *William R. Klinger* | (*lead trial counsel*) | (*lead trial counsel*) |
| (*lead trial counsel*) | Austin M. Carsh | Rebecca Drizner |
| Glenn A. Klinger | Brandon A. Splitter | Patterson Law Firm, LLC |
| Leach | King | Klinger Law | City of Chicago, Dept. of Law | |

**b.** **State the basis for federal jurisdiction**: Beat Kitchen asserts federal question jurisdiction under 28 U.S.C. § 1331 based on claims arising under 42 U.S.C. §§ 1981 and 1983, Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), and the United States Constitution. The Court has supplemental jurisdiction over Beat Kitchen's state law claims under 28 U.S.C. § 1367.

**c.** **Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought**:

Plaintiff's position: Beat Kitchen alleges that the City Defendants engaged in an unlawful and discriminatory procurement process in connection with the City of Chicago's 2024 Riverwalk

concession RFP, including violations of the Equal Protection Clause and 42 U.S.C. § 1983, 42 U.S.C. § 1981, procedural due process, Title VI, and related state law claims. Beat Kitchen further alleges that City policymakers and officials departed from mandatory procurement requirements, accepted and advanced a late and secret proposal, and applied impermissible considerations in the evaluation and award process. Beat Kitchen seeks declaratory relief, injunctive and mandamus relief (including vacatur of the award), and damages.

The City Defendants position: The Complaint contains ten counts arising under federal and state law, based on its theory that the City discriminated against Beat Kitchen on the basis of race in awarding Haire's, a Black-owned restaurant, a concession license to run a restaurant on the Chicago Riverwalk. It names as defendants the City; six current and former City employees who served on an advisory committee that reviewed Riverwalk concession license proposals and recommended licensing awards to City officials, who are sued in their individual capacities; and Haire's. Specifically, Plaintiff alleges a violation of the federal Equal Protection Clause (Count I), section 1981 (Count II), and the federal Due Process Clause (Count III). In Count IV, Plaintiff alleges municipal liability against the City under Monell. Count V alleges a violation of Title VI premised on the City's receipt of federal funding for the Riverwalk. Count VI alleges a violation of the Illinois Civil Rights Act, 740 ILCS 23/5, and Count VII alleges a violation of the Illinois Constitution's Equal Protection Clause. The remaining counts seek various forms of relief: declaratory judgment (Count VIII); mandamus and injunctive relief (Count IX); and a writ of certiorari (Count X). Counts IV, V, VI, and X are alleged against the City alone; all other counts are alleged against "all Defendants." Plaintiff seeks declaratory relief, equitable relief, and monetary damages. Because the City Defendants have moved to dismiss all claims brought against them, they have not yet answered the Complaint or asserted any counterclaims.

Haire's position: In its Compliant, Beat Kitchen has brought the following claims against all Defendants: Violation of the Equal Protection Clause 42 U.S.C § 1983 (Count I), Violation of 42 USC 42 U.S.C § 1983 (Count II), Violation of Procedural Due Process 42 U.S.C § 1983 (Count III), Violation of the Illinois Constitution-Equal Protection (Count VII), Unlawfulness of Process and Award-Declaratory Judgment (Count VIII) and Mandamus and Injunctive Relief-Failure to Follow Procurement Requirements (Count IX). Moreover, Beat Kitchen seeks declaratory relief, injunctive and mandamus relief.

**(2)     Pending Motions and Case Plan**

**a.     Identify any pending motions**: Haire's has moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (Dkt. #43). The City Defendants have moved to dismiss under Rule 12(b)(6) (Dkt. #47). By agreement of the Parties, on March 17, 2026, the Court entered the following briefing schedule: Beat Kitchen's responses due April 13, 2026 and replies in support due by May 1, 2026 (Dkt. #45). Beat Kitchen intends to oppose both motions and believes the Complaint adequately pleads plausible claims, including municipal liability and discriminatory conduct.

Given the volume and complexity of the issues, Beat Kitchen intends to move for leave to file a combined response not to exceed thirty pages in length, and for an extension of the current briefing schedule as follows: Beat Kitchen's response due April 27, 2026 and replies in support

due by May 15, 2026. Defendants do not oppose Beat Kitchen's desire to extend its deadline to respond to their motions, and agree to Plaintiff's proposed reply due date of May 15, 2026.

**b.** **Submit a proposal for a discovery plan**: The Parties agree discovery should not commence before the Court's ruling on Defendants' pending motions to dismiss, and respectfully submit that a proposal for a discovery plan be deferred until after such ruling. If the Court denies the Defendants' motions in whole or in part, the Parties will promptly meet and confer and submit a revised discovery schedule tailored to the issues. If the Court does not agree with this Parties' proposal, the Parties will promptly, under whatever timeline is ordered, submit a proposed discovery plan with subitems **b.i.**-**vii**, **c.**, and **d**.

**(3)** **Consent to Proceed Before a Magistrate Judge**: The Parties do not, at this time, unanimously agree to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and trial.

**(4)** **Status of Settlement Discussions**: No settlement discussions have occurred and the Parties do not request a settlement conference at this time.

Dated: April 3, 2026    Respectfully submitted,

By: */s/ Glenn A. Klinger*
Jonathan D. Leach
William R. Klinger
Glenn A. Klinger
Leach | King | Klinger Law LLC
303 W. Madison Street, Ste. 950
Chicago, IL 60606
Tel: (312) 450-0204
jleach@lkklawgroup.com
wklinger@lkklawgroup.com
gklinger@lkklawgroup.com

By: */s/ Whitney G. Woodward*
WHITNEY G. WOODWARD
whitney.woodward@cityofchicago.org
AUSTIN M. CARSH
austin.carsh@cityofchicago.org
BRANDON A. SPLITTER
brandon.splitter@cityofchicago.org
City of Chicago, Dept. of Law
Constitutional and Commercial
Litigation Division
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
(312) 742-0260/742-0797/744-7864

By: */s/ Rebecca Drizner*
Michael Haeberle (6309164)
Rebecca Drizner (6332971)
Patterson Law Firm, LLC
200 W. Monroe St., Suite 2025
Chicago, Illinois 60606
Tel. 312-223-1699
mhaeberle@pattersonlawfirm.com
rdrizner@pattersonawfirm.com

*Counsel for Plaintiff, Beat Kitchen on the Riverwalk, LLC*

*Attorneys for the City of Chicago, Andrew Forbes, Jennifer Kelly, Lotika Pai, Nancy Villafranca, Jaime Viramontes, and Michelle Woods*

*Attorneys for Defendant Haire's Gulf Shrimp Incorporated*